**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DBSI, INC., et al. | ) Case No. 08-12687(PJW) |
| | ) |
|         Debtors. | ) Jointly Administered |
| | ) |
| _____ | ) |
| JAMES R. ZAZZALI, as Trustee | ) |
| for the Debtors' Jointly- | ) |
| Administered Chapter 11 Estates | ) |
| and/or as Litigation Trustee | ) |
| for the DBSI Estate Litigation | ) |
| Trust, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|     v. | ) Adv. Proc. No. 10-54648(PJW) |
| | ) |
| 1031 EXCHANGE GROUP LLC, | ) |
| et al., | ) |
| | ) |
|         Defendants. | ) |
| | ) |
| _____ | ) |
| ALLAN J. CUTLER, | ) |
| | ) |
|         Defendant/Third | ) |
|         Party Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| MARTHA WALKER, | ) |
| | ) |
|         Third Party | ) |
|         Defendant. | ) |

## MEMORANDUM OPINION

| | |
|---|---|
| Joanne P. Pinckney | Michael J. Joyce |
| Kevin M. Capuzzi | Kevin S. Mann |
| PINCKNEY, HARRIS & | CROSS & SIMON, LLC |
| WEIDINGER, LLC | 913 N. Market Street |
| 1220 North Market Street | 11th Floor |
| Suite 950 | P.O. Box 1380 |
| Wilmington, DE 19801 | Wilmington, DE 19899-1380 |
| | |
| Counsel to Third Party | Counsel for Defendant/Third |
| Defendant Martha Walker | Party Plaintiff Allan J. Cutler |

Dated: October 24, 2013

**WALSH, J.**

This opinion is with regard to the motion filed by Martha Walker, the third-party defendant ("Walker"), to set aside an order of default and vacate a subsequent default judgment. (Adv. Doc. # 1266.)   For the reasons detailed below, I will grant the motion.

## Background

The underlying bankruptcy case was filed on November 10, 2008 by DBSI, Inc. and its affiliates (the "Debtors") under Chapter 11 of the Bankruptcy Code.   James R. Zazzali ("Trustee") was thereafter appointed to serve as the trustee of Debtors estate. Trustee filed this adversary proceeding on November 5, 2010. (Adv. Doc. #1.) Allan J. Cutler ("Cutler") was one of many named as a defendant in that action.

Subsequently, on May 24, 2013, Cutler filed a motion requesting leave from this Court to bring in a third-party defendant. (Adv. Doc. # 1178.)  That motion was granted on July 16, 2013. (Adv. Doc # 1233.)  The following day, Cutler filed a third-party complaint naming Walker as the third-party defendant. (Adv. Doc # 1234.)  Service of process was made on Walker by first-class mail at the following address: 863 South Bates Street, Birmingham, Michigan 48009. (Adv. Doc. #1235.)   At the time service was effectuated, Walker was not at the above-identified address, and

instead was at her summer vacation home for a span of approximately five and half weeks. (Adv. Doc # 1266-4, Declaration of Martha Walker.)  Walker was in Boyne City, Michigan from July 17, 2013 through August 25, 2013.  (Adv. Doc # 1266-4, Declaration of Martha Walker.)

Upon the request of Cutler, the clerk of the court entered a default against Walker on August 20, 2013. (Adv. Doc. # 1241.)  Two days later, upon the request of Cutler, a default judgment was entered against Walker on August 22, 2013. (Adv. Doc. # 1244.)  The default judgment request was made to the clerk of the court pursuant to Federal Rule of Civil Procedure ("Civil Rule") 55(b)(1) for an amount of $75,629.39. (Adv. Doc. # 1243-3, Proposed Order.)  The instant motion to vacate was filed by Walker on September 24, 2013. (Adv. Doc # 1266.)

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Discussion

## I.    Notice Requirements under Federal Rule of Bankruptcy Procedure 7014 for Leave to File Motion to Add a Third-Party Defendant

Federal Rule of Civil Procedure 14(a) is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7014. <u>See</u> Fed. R. Bankr. P. 7014. Under Bankruptcy Rule 7014, a defendant may implead a third-party by serving them with a summons and complaint. <u>Id</u>. This is the proper procedure if the non-party is or potentially is, liable for all or part of the claim against the original defendant. <u>Id</u>. However, actions to implead must be made upon the leave of court if they are sought more than fourteen days after the defendant answered the original complaint. <u>Id</u>. Here, Cutler properly followed procedural protocol when he moved for leave from this Court to file a third-party complaint.

In several parts of her motion, Walker mentions an absence of her receipt of notice of Cutler's motion for leave. (Adv. Doc # 1266 at ¶¶ 8, 10, 37.)  This Court does not believe that Walker was entitled to notice of Cutler's motion to file a third-party complaint. <u>See</u> 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Civil* § 1460 (3d ed.) ("the prospective third-party defendant is not entitled to notice of the impleader motion[.]"); <u>Pantano v. Clark Equipment Co.</u>, 139 F.R.D.

40, 42 (S.D. N.Y. 1991); <u>Hensley v. United States</u>, 45 F.R.D. 352, 353 (D. Mont. 1968).[1]

## II.  "Sum Certain" Requirement under Bankruptcy Rule 7055

Civil Rule 55 is made applicable to this proceeding pursuant to Bankruptcy Rule 7055. <u>See</u> Fed. R. Bankr. P. 7055.  In certain instances, the clerk of the court may enter a  default judgment. For the clerk to enter the judgment (as opposed to the court), a plaintiff's claim against a defendant must be for a sum certain or for a sum which can, by computation, be made certain and the defendant must have already defaulted for failure to appear. Fed. R. Bankr. P. 7055.[2]  The issue is whether there is a "sum certain" warranting the clerk's entry.[3]

---

[1] Cutler asserted to this Court that "[u]pon learning of the commencement of the Main Action, Cutler reached out to Walker to inform her of the litigation, but she was unresponsive." (Adv. Doc. # 1272 at ¶ 9.)  Walker refuted that particular allegation in her reply brief. (Adv. Doc # 1277 at ¶ 5.)  Had Walker been made aware of the litigation in the "main action" at its commencement is neither here nor there.  The adversary proceeding was initiated  in the year 2010.  It does not necessarily follow that three years later Walker would still be on notice of a potential third-party complaint or motion for leave to file one.  This Court finds Cutler's pleading in ¶ 9 more quizzical than helpful in understanding his overall argument.  If we were to believe that Cutler did attempt to reach out to Walker in the year 2010, the three year delay in filing a third-party complaint is left unexplained.

[2] The full text of Civil Rule 55(b)(1) also requires that the defendant against whom default judgment is being entered is neither a minor nor an incompetent person.

[3] Cutler asserted in ¶ 22 that "Cutler requested default judgement and the Court had the power to grant such request." (Adv. Doc. # 1272.)  This is his only clear response to Walker's entire Civil Rule 55(b)(1) argument that the judgement is void as it was entered by the clerk, not the court.  In fact, Cutler's assertion is inaccurate as his request for default judgment was under Civil Rule 55(b)(1), which is a request of the clerk, not the court. See (Adv. Doc # 1243-2, Cutler's Proposed Default Judgment Order.)

What constitutes a sum certain has been noted by both the First Circuit and the Ninth Circuit as being largely absent from federal case law litigation.  See Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc., 375 F.3d 922, 928 (9th Cir. 2004) (citing KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 n.7 (1st Cir. 2003)(Unfortunately, "the cases discussing the sum certain requirement of Rule 55 are few and far between and rather exiguous in their reasoning.")).  Both Circuit courts agreed that what makes a claim "sum certain" is that there is "no doubt as to the amount to which a plaintiff is entitled **as a result of** the defendant's default." KPS, 318 F.3d at 19(emphasis added).

Here, when Cutler filed his third-party complaint to add Walker to the present adversary proceeding, his leave was granted pursuant to Bankruptcy Rule 7014.  As such, Walker's liability is necessarily dependent on Cutler's liability.  See F.D.I.C. v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994)(citing 6 Wright & Miller, *Federal Practice & Procedure Civil*, § 1446, at 355-58 (1990)("A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way **dependent on the outcome of the main claim** or when the third party is secondarily liable to defendant."))(emphasis added).

Thus, in analyzing Bankruptcy Rule 7014 together with Bankruptcy Rule 7055, it seems clear that there can be no "sum certain" claim in this case until liability has been established

and adjudicated against Cutler.  See Ryan Transp. Serv., Inc. v. Paschall Servs., Inc., 02-2505-GTV, 2004 WL 303544 at *2(D. Kan. Jan. 29, 2004) (finding that there cannot be a sum certain against a third-party defendant brought into an action under FRCP 14(a) "because they are claims dependent upon the resolution of the main action[.]").

The amount of $75,629.39 entered against Walker is the actual and certain amount Trustee seeks from Cutler.  However, what is not certain is whether or not that full amount will be the final sum once Cutler's liability has been established.  See CSXT Intermodal, Inc. v. Mercury Cartage, LLC, 271 F.R.D. 400, 401 (D. Me. 2010) ("Simply because a plaintiff is certain of the sum does not make its damage claim a 'sum certain' within the meaning of Rule 55(b)(1)."). Cutler himself admits that he is negotiating a settlement with Trustee. (Adv. Doc # 1272 at ¶ 25.)  Hence, Cutler's own pleadings admit that there is doubt as to the amount of liability Walker might be subjected to.[4]  Until a concrete settlement has been proposed or filed with this Court there can be no "certain" amount of liability.  This Court understands Cutler's

---

[4] There is confusion here as to what settlement Cutler is alluding to in both ¶ 25 and in ¶ 20. There has been no evidence presented in the instant proceeding of any settlement, final or otherwise. In ¶ 20, Cutler states, "[p]rior to Walker's filing of the Motion, Cutler had reached a settlement in principle with the trustee.") (Adv. Doc. # 1272 at ¶ 20.) In ¶ 25, Cutler states that the settlement with the Trustee "has been delayed and potentially jeopardized . . . ." Id. It is unclear if there is a concrete settlement signed between Cutler and the Trustee, an informal settlement, or if there is no longer a settlement due to the instant third-party motion litigation. Either way, this confusion makes clear to the Court that without more, there is no final "sum" of liability that has, as of yet, been determined.

8

statement in ¶ 25 to mean that the actual amount of liability against Cutler could be the full $75,629.39, or less, depending on the terms of a settlement.  More importantly, should this Court find in favor of Cutler in resolving Trustee's claim against him, there would be no liability against Walker.  It is beyond the ability of arithmetic computation for this court to find that Walker's default has concretely led to $75,629.39 worth of liability as a third-party defendant that would be properly imposed in a default judgment.

In light of these uncertainties in liability and a potential settlement, this Court finds it prudent to determine that there is no "sum certain" upon which a clerk could have entered a judgment pursuant to Bankruptcy Rule 7055.

## III. Vacating Entry of Default and Default Judgment under Bankruptcy Rule 7055 and Bankruptcy Rule 9024

In addition to finding an error in the clerk's entry of a default judgment, the default and default judgment are subject to being vacated under Bankruptcy Rule 7055 and Bankruptcy Rule 9024. Civil Rule 60 is made applicable to this proceeding pursuant to Bankruptcy Rule 9024. See Fed. R. Bankr. P. 9024. This Court finds the arguments for vacating both entries persuasive.

The Third Circuit has directed that in general, this Court should not favor a default judgment.  Zawadski de Bueno v.

Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).  Where the decision is a close-call "doubts should be resolved in favor of setting aside the default and reaching the merits."  Id.  Under Bankruptcy Rule 7055, a default entry may be set aside for "good cause" and a default judgment may be set aside under Bankruptcy Rule 9024.  See Fed. R. Bankr. P. 7055.  Once both an entry of default and a default judgment exist, Bankruptcy Rule 9024 controls.  See In re USN Commc'ns, Inc., 288 B.R. 391, 394 (Bankr. D. Del. 2003).

This Court is directed by the United States Supreme Court in Pioneer to look at four factors when evaluating excusable neglect.  See Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993).  Those are: (1) danger of prejudice to non-movants, (2) length of delay and its potential impact on judicial proceedings, (3) reason for delay, including whether it was within reasonable control of movant, and (4) whether movant acted in good faith.  Id.  Excusable neglect is an equitable concept, upon which the totality of the circumstances should be taken into account.  Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007).  Excusable neglect is not "limited to situations where the failure to timely file is due to circumstances beyond the control of the filer."  Pioneer, 507 U.S. at 391.

### Danger of Prejudice

This factor is easily decided in favor of Walker.  This Court does not see how Cutler is, or would be, prejudiced by

vacating the default and default judgment. The conflicting descriptions of the stage of settlement negotiations with Trustee (discussed in note 4), the lack of evidentiary support of any settlement and the immensely short time-frame[5] upon which the default entry and default judgment were entered cause us to believe that there will be no material prejudice to Cutler. Cutler contends that Walker's failure to respond to the complaint in a timely manner caused him to expend "substantial counsel fees and other expenses that he would not have expended." (Adv. Doc # 1272, ¶ 25).

This Court is not persuaded by that statement in light of the evidence presented. See In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 127 (3d Cir. 1999) (describing that "prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence."). Cutler has not proven that he has relied on the entry of default and default judgment to his detriment, or expended time and energy enforcing those orders. Moreover, it is Walker who would be greatly prejudiced if the judgment is not vacated. Potentially, the judgment entered against her could end up being greater than her level of liability to Cutler and Trustee.

---

[5] It took Cutler approximately thirty-three days to request an entry of default and default judgment, but close to three years from commencement of the adversary proceeding to add Walker as a potential defendant.

Lastly, Trustee is not prejudiced by vacating the default and default judgment. Whether or not Cutler will be able to seek indemnity from Walker is wholly separate from the cause of action to recover monies on behalf of the estate.

Since Walker was brought into this action on a theory of derivative liability, but no liability has been adjudicated against Cutler as of yet, it prejudices all parties involved to have the current default judgment in place without any determination on the merits of the actual liabilities that exist to and between all involved.

### Length of Delay and its Potential Impact on Judicial Proceedings

The pre-trial conference that Walker failed to attend was scheduled for September 19, 2013. Walker returned to her primary residence on August 25, 2013, and filed the instant motion to vacate on September 24, 2013. In the grand scheme of the litigation, the delay here is negligible. See, e.g., In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 183 (3d Cir. 2000)(the "delay in bringing the Rule 60(b) motion was three weeks ... [t]his delay was trivial in light of the one-year outer limit for bringing a Rule 60(b) motion . . . and under O'Brien, in which we concluded that a two month delay was insignificant as a matter of law").

With almost three years of time having gone by in this adversary proceeding, a little over a month of a delay in

responding to a third-party complaint that could have been filed by Cutler the moment he answered the original complaint seems to have little, if any, impact on the judicial proceedings.[6]

### Reason for Delay

The proffered reason for the delay and failure to timely respond to the third-party complaint is not a point of contention in this case.  Service was made at Walker's primary residence at a time in which she was not present for approximately five and half weeks.

The Supreme Court in Pioneer found that excusable neglect did not only result from a string of circumstances "outside the movant's reasonable control." USN Commc'ns, 288 B.R. at 397 (citing Pioneer, 507 U.S. at 388).  This Court acknowledges how surprising it must have been to Walker to have a large judgment entered against her without any notice of the ensuing litigation in such a short span of time.  Moreover, there is no evidence that Walker knew or had reason to know, of her potential involvement in the litigation with which Cutler had been a part of for three years.

Walker did not explain any alleged carelessness of why her mail was not being forwarded to her summer residence.  However, the balance of equities still tips in her favor.  See In re Garden

---

[6] The discovery and evidence gathering has not ceased in the adversary proceeding. This is evidenced by the fact that Cutler filed a notice of service on August 23, 2013 of his first set of interrogatories and requests for production. (Adv. Doc # 1247).

Ridge Corp., 348 B.R. 642, 647 (Bankr. D. Del. 2006) (citing O'Brien, 188 F.3d at 128 ("The concept of excusable neglect clearly anticipates carelessness by the claimant, i.e., neglect on the part of the one seeking to be excused.")).  The time-frame in this case, starting from the entry of default judgment through the filing of the motion to vacate, coupled with her lack of actual notice of the ensuing adversary proceedings, puts her in a position that excusable neglect can remedy. A default judgment of over $75,000 when the underlying liability has not been established is too harsh a consequence for an innocent and simple failure of mail forwarding for a few weeks. See Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir.1951) ("Matters involving large sums should not be determined by default judgments if it can reasonably be avoided.... Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on that merits.").  This is especially true in light of the fact that Walker reacted promptly to rectify the default and filing the instant motion.

**Good Faith**

This Court has no reason to believe that there was any bad faith by any of the parties in the present action.  Walker acted within what this Court believes to be a reasonable time-frame once she was made aware of the third-party complaint.  Cutler, while delayed in filing a third-party complaint, did not act in bad

faith by serving Walker with process while she was at her summer home.[7]  As such, this factor weighs in favor of granting the motion to vacate.

## Conclusion

In light of the preference for reaching a decision on the merits, this Court finds it prudent to assess the claim on their merits instead of through default when possible.  Here, that is possible.

For the reasons described above, I will grant the motion to vacate both the default and default judgment.

---

[7] All inferences remaining equal, no evidence was proffered that Cutler had reason to know Walker's mail was not being forwarded, even if he was aware of her regular summer residence based on prior employment dealings.